1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION
CASE NO.  19-CR-14040-KMM

UNITED STATES OF AMERICA,

                Plaintiff,

    vs.

                                    Fort Pierce, Florida
                                    September 24, 2020
CHARLTON EDWARD LA CHASE,        Pages 1-31
                                    10:40 - 11:30 a.m.
                Defendant.
_____

TRANSCRIPT OF CHANGE OF PLEA AND SENTENCING HEARING
BEFORE THE HONORABLE K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

APPEARANCES:

FOR THE PLAINTIFF:
                        *United States Attorney's Office*
                        BY:  ROLANDO GARCIA, A.U.S.A.
                        500 South Australian Avenue
                        Suite 400
                        West Palm Beach, Florida 33401

FOR THE DEFENDANT:
                        *Federal Public Defender's Office*
                        BY:  FLETCHER PEACOCK, A.F.P.D.
                        109 North Second Street
                        Fort Pierce, Florida 34950

ALSO PRESENT:
                        Francis Weissberg, USPO
                        ASL Interpreter Jody Raffoul
                        ASL Interpreter Lydia Anorga

REPORTED BY:
                        DAWN M. SAVINO, R.P.R., C.R.R.
                        Official Federal Court Stenographer
                        400 N. Miami Avenue, 10S03
                        Miami, Florida 33128
                        Telephone:  305-523-5598

PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
TRANSCRIPT PRODUCED BY COMPUTER

|          |    |                                                              |
|----------|----|--------------------------------------------------------------|
|          | 1  |             P-R-O-C-E-E-D-I-N-G-S                             |
| 10:40:03 | 2  |         (Court called to order)                              |
| 10:40:24 | 3  |         COURTROOM DEPUTY:  Good morning, everyone.  Thank you |
| 10:40:25 | 4  | for your patience.                                           |
| 10:40:26 | 5  |         United States District Court for the Southern District |
| 10:40:30 | 6  | of Florida is now in session, the Honorable K. Michael Moore, |
| 10:40:31 | 7  | Chief Judge, presiding.                                       |
| 10:40:39 | 8  |         Calling case number 19-CR-14040, USA v Carlton Edward |
| 10:40:39 | 9  | La Chase.                                                     |
| 10:40:42 | 10 |         Counsel, please state your appearances.              |
| 10:40:43 | 11 |         MR. GARCIA:  Good morning, Your Honor.  Rolando Garcia |
| 10:40:46 | 12 | on behalf of the United States.                              |
| 10:40:48 | 13 |         MR. PEACOCK:  Good morning, Judge.  Fletcher Peacock on |
| 10:40:52 | 14 | behalf of Mr. La Chase.  We are appearing by Zoom.  Mr. La Chase |
| 10:40:57 | 15 | being at FDC, and I'm on my own private Zoom device.         |
| 10:41:05 | 16 |         THE COURT:  All right.  Okay.  So let's start by     |
| 10:41:15 | 17 | acknowledging that we are proceeding by a video conference, and |
| 10:41:21 | 18 | I have in front of me the written document of the waiver of  |
| 10:41:27 | 19 | physical presence in court and consent to appear by video   |
| 10:41:38 | 20 | teleconference under the CARES Act, and it indicates in      |
| 10:41:43 | 21 | Paragraph 5 there's a check that "I waive my right to be present |
| 10:41:48 | 22 | in person in the courtroom for the competency hearing scheduled |
| 10:41:57 | 23 | for today, and that I consent to appearing by video         |
| 10:42:04 | 24 | teleconference or telephone conference if video conference is |
| 10:42:07 | 25 | not reasonably available for the competency hearing scheduled on |

| | | |
|---|---|---|
| 10:42:17 | 1 | this date", and it is signed by the Defendant and electronically |
| 10:42:29 | 2 | signed by the Defendant's counsel on 9-14-2020 and 9-23-2020. |
| 10:42:40 | 3 | Mr. La Chase, is that your signature on this form? |
| 10:42:43 | 4 | THE DEFENDANT:  (Through Sign Language Interpreter) |
| 10:42:46 | 5 | Yes, it is, Your Honor.  I did sign it, yes. |
| 10:42:48 | 6 | THE COURT:  And do you agree to waive your right to be |
| 10:42:54 | 7 | present and to consent to appear by video conference? |
| 10:42:59 | 8 | THE DEFENDANT:  Yes, Your Honor.  I consent to that, |
| 10:42:59 | 9 | yes. |
| 10:43:01 | 10 | THE COURT:  Do you need any more time to talk to your |
| 10:43:03 | 11 | attorney about that? |
| 10:43:10 | 12 | THE DEFENDANT:  No, that's fine.  I accept that. |
| 10:43:14 | 13 | THE COURT:  Okay.  In that case I'll -- |
| 10:43:16 | 14 | THE DEFENDANT:  Can I have more time to talk to my |
| 10:43:20 | 15 | lawyer in general or just about this? |
| 10:43:23 | 16 | THE COURT:  Just about this. |
| 10:43:26 | 17 | THE DEFENDANT:  Okay.  No.  Then I don't need to talk |
| 10:43:27 | 18 | to my lawyer.  That's fine. |
| 10:43:31 | 19 | THE COURT:  Okay.  Then I'll go ahead and accept it and |
| 10:43:37 | 20 | date it today's date which is September 24, 2020. |
| 10:43:42 | 21 | Do you need more time to talk to your attorney about |
| 10:43:44 | 22 | the case? |
| 10:43:49 | 23 | SIGN LANGUAGE INTERPRETER RAFFOUL: I just needed some |
| 10:43:51 | 24 | clarification on a sign.  He's asking me a sign.  I said that's |
| 10:43:53 | 25 | a sign for September. |

| | |
|---|---|
| 10:44:01 | 1 |
| 10:44:05 | 2 |
| 10:44:05 | 3 |
| 10:44:07 | 4 |
| 10:44:10 | 5 |
| 10:44:16 | 6 |
| 10:44:20 | 7 |
| 10:44:25 | 8 |
| 10:44:29 | 9 |
| 10:44:32 | 10 |
| 10:44:33 | 11 |
| 10:44:35 | 12 |
| 10:44:40 | 13 |
| 10:44:46 | 14 |
| 10:44:49 | 15 |
| 10:44:53 | 16 |
| 10:45:01 | 17 |
| 10:45:02 | 18 |
| 10:45:04 | 19 |
| 10:45:12 | 20 |
| 10:45:21 | 21 |
| 10:45:26 | 22 |
| 10:45:28 | 23 |
| 10:45:33 | 24 |
| 10:45:36 | 25 |

THE DEFENDANT:  For like general things?  Or, you know, just to talk, you know, about the guilty, not guilty.  You mean that?

THE COURT:  Right.  Right.  Do you need more time to talk to your attorney.

THE DEFENDANT:  Well, I wanted to ask my lawyer if we go through -- yeah, yeah, I'd like to.  So I wanted to ask my lawyer for the next part, for the guilty plea, is that in court or is it also going to be on video?

MR. PEACOCK:  If I may, Judge?

THE COURT:  All right.

MR. PEACOCK:  Charlton, this whole proceeding will be on video.  The Judge has set this hearing for the competency matter and then as we discussed, we would go -- if you were found competent, if the Court found you competent, we would go into the change of plea proceeding which would also be on video.

THE DEFENDANT:  Okay.  Okay.  I just wanted to check that that was happening.  Okay.  That's fine.

THE COURT:  Okay.  All right.  So we set this down for a competency hearing.  What do we need to do?  I mean, I've had the opportunity to read the report and the report indicates that the Defendant is competent to stand trial.  Is there any dispute as to that?

MR. PEACOCK:  Your Honor, if I may, there is no dispute.  We're not contesting competency.  I do want the Court

10:45:40  1    to be aware though that originally in this case we had done a

10:45:47  2    motion under 4241 for a competency evaluation and Mr. La Chase

10:45:51  3    had been evaluated and found not to be competent.  This was back

10:45:56  4    in the fall of 2019, however.  Actually, summer of 2019.  So I

10:46:02  5    do want the Court to be aware of that report in making its

10:46:03  6    decision.

10:46:06  7            But the new report obviously comes from the Butner

10:46:09  8    facility where Mr. La Chase was housed for approximately four

10:46:15  9    months, maybe even a little bit longer than that, and we have no

10:46:18  10   reason to dispute that report at this time, and we would like to

10:46:22  11   go forward and not contest competency.

10:46:26  12            THE COURT:  Okay.  Do you agree with that, Mr. La

10:46:27  13   Chase?

10:46:34  14            THE DEFENDANT:  Yes.  Yes.

10:46:35  15            THE COURT:  Okay.

10:46:39  16            THE DEFENDANT:  Wait.  I'm not competent or competent?

10:46:41  17            THE COURT:  Pardon me?

10:46:43  18            THE DEFENDANT:  That I'm not competent or competent?

10:46:46  19            THE COURT:  That you are competent to proceed to trial

10:46:48  20   if necessary.

10:46:55  21            THE DEFENDANT:  Right.  I understand.  I'm ready to

10:46:58  22   stand trial and everything like that, yes.  Before the

10:47:00  23   evaluation I just wasn't understanding clearly, and I think

10:47:03  24   that's why they came up with that but yes, I'm ready to go

10:47:03  25   ahead.

| | | |
|---|---|---|
| 10:47:07 | 1 | THE COURT:  Okay.  The Government want to chime in? |
| 10:47:09 | 2 | THE DEFENDANT:  But I've been where I've been for four |
| 10:47:12 | 3 | months and they did the evaluation, so I think it's good.  We're |
| 10:47:13 | 4 | fine. |
| 10:47:14 | 5 | THE COURT:  Thank you. |
| 10:47:19 | 6 | MR. GARCIA:  No, Your Honor.  We rely on and support |
| 10:47:23 | 7 | the evaluation performed at Butner. |
| 10:47:30 | 8 | THE COURT:  Okay.  So to that extent and to the extent |
| 10:47:37 | 9 | that I need to make a factual finding that the Defendant is |
| 10:47:44 | 10 | competent to proceed with these proceedings, and based on the |
| 10:47:52 | 11 | fact that it is no longer contested and relying on the report by |
| 10:47:58 | 12 | the psychologist, I find that the Defendant is competent to |
| 10:47:59 | 13 | stand trial. |
| 10:48:01 | 14 | Okay.  Is there anything further we need to do with |
| 10:48:04 | 15 | respect to that issue? |
| 10:48:05 | 16 | MR. PEACOCK:  No, sir. |
| 10:48:06 | 17 | MR. GARCIA:  No, sir. |
| 10:48:07 | 18 | THE COURT:  Thank you.  All right. |
| 10:48:12 | 19 | Now, I was also told or informed or advised that once |
| 10:48:17 | 20 | that determination has been made, that the Defendant wishes to |
| 10:48:25 | 21 | change his plea from not guilty to guilty.  Is that correct? |
| 10:48:29 | 22 | MR. PEACOCK:  It is, Judge. |
| 10:48:34 | 23 | THE COURT:  So we'll go ahead and proceed with the |
| 10:48:41 | 24 | change of plea then.  And for purposes of the change of plea, I |
| 10:48:51 | 25 | will adopt the same finding.  Did we have a -- do we have a |

| | | |
|---|---|---|
| 10:49:02 | 1 | separate waiver and consent for the change of plea? |
| 10:49:04 | 2 | MR. PEACOCK:  I don't believe so, Your Honor.  I |
| 10:49:07 | 3 | believe we only executed one waiver. |
| 10:49:11 | 4 | THE COURT:  Are you satisfied that that waiver is |
| 10:49:14 | 5 | effective for purposes of the change of plea as well? |
| 10:49:16 | 6 | MR. PEACOCK:  Yes, sir. |
| 10:49:21 | 7 | THE COURT:  Mr. La Chase, is that all right with you? |
| 10:49:27 | 8 | That we use the same waiver for -- and consent to proceed by |
| 10:49:31 | 9 | teleconference for the change of plea proceeding? |
| 10:49:36 | 10 | THE DEFENDANT:  Yes, that's fine.  For both parts, |
| 10:49:37 | 11 | that's fine. |
| 10:49:42 | 12 | THE COURT:  Okay.  All right.  So Mr. La Chase, can you |
| 10:49:45 | 13 | please raise your right hand? |
| 10:49:51 | 14 | Do you solemnly swear that the testimony you're about |
| 10:49:54 | 15 | to give will be the truth, the whole truth and nothing but the |
| 10:49:57 | 16 | truth, so help you God? |
| 10:50:02 | 17 | THE DEFENDANT:  Yes, I do.  I swear. |
| 10:50:04 | 18 | THE COURT:  How old are you, Mr. La Chase? |
| 10:50:09 | 19 | THE DEFENDANT:  I'm 30. |
| 10:50:14 | 20 | THE COURT:  And what is the formal level of your |
| 10:50:16 | 21 | education? |
| 10:50:24 | 22 | THE DEFENDANT:  Well, I finished high school and some |
| 10:50:29 | 23 | college in Texas.  Both. |
| 10:50:31 | 24 | THE COURT:  Have you been treated recently for any |
| 10:50:36 | 25 | mental illness or addiction to narcotic drugs of any kind? |

| | | |
|---|---|---|
| 10:50:37 | 1 | SIGN LANGUAGE INTERPRETER RAFFOUL:  Excuse me, Your |
| 10:50:39 | 2 | Honor.  Can you repeat that? |
| 10:50:41 | 3 | THE COURT:  Have you been treated recently for any |
| 10:50:46 | 4 | mental illness or addiction to narcotic drugs of any kind? |
| 10:50:50 | 5 | THE DEFENDANT:  Not any mental illness and I'm not |
| 10:50:56 | 6 | involved with drugs at all, no. |
| 10:50:58 | 7 | MR. PEACOCK:  Your Honor, if I may.  I mean, as the |
| 10:51:02 | 8 | Court's already noted, he was treated at the Butner psychiatric |
| 10:51:08 | 9 | facility for four to five months.  And Your Honor has the |
| 10:51:12 | 10 | report, obviously, of what that entailed. |
| 10:51:17 | 11 | THE COURT:  I'm aware of that. |
| 10:51:18 | 12 | MR. PEACOCK:  I'm sorry, Judge? |
| 10:51:19 | 13 | THE COURT:  I'm aware of that. |
| 10:51:21 | 14 | MR. PEACOCK:  Yes, sir.  I just -- for the record, I |
| 10:51:25 | 15 | mean, I thought he answered no, he hadn't been treated. |
| 10:51:26 | 16 | THE COURT:  I understand. |
| 10:51:32 | 17 | THE DEFENDANT:  If I could say something here? |
| 10:51:33 | 18 | THE COURT:  All right. |
| 10:51:36 | 19 | THE DEFENDANT:  At the FMC those psychiatrists, they |
| 10:51:39 | 20 | didn't say I had any kind of disease or anything like that. |
| 10:51:43 | 21 | They didn't let me know anything about that. |
| 10:51:50 | 22 | THE COURT:  Right, which is why I didn't take exception |
| 10:51:55 | 23 | to it.  I mean, he was treated but there was no finding that he |
| 10:52:04 | 24 | was not -- at least for purposes of the competency proceeding or |
| 10:52:10 | 25 | the ability to stand trial, they did not find any disease or |

```
10:52:14   1   defect that would prevent him.  But I do acknowledge that he was
10:52:18   2   seen by and treated by a psychologist.
10:52:28   3           THE DEFENDANT:  Right.
10:52:29   4           THE COURT:  All right.  And when you say right, you're
10:52:33   5   referring to the Defendant having said right?
10:52:33   6           SIGN LANGUAGE INTERPRETER RAFFOUL:  Yes, Your Honor.
10:52:37   7   When you hear my voice, it's Mr. La Chase talking.
10:52:40   8           THE COURT:  I just wanted the record to reflect that.
10:52:42   9           SIGN LANGUAGE INTERPRETER RAFFOUL:  Yes.
10:52:46   10          THE COURT:  Are you currently under the influence of
10:52:51   11  any drug or medication or alcoholic beverage of any kind?
10:52:54   12          THE DEFENDANT:  No, Your Honor.  Nothing.  I don't do
10:52:57   13  any of that, no.
10:53:01   14          THE COURT:  Have you received a copy of the indictment
10:53:04   15  pending against you; that is, the written charges against made
10:53:06   16  against you in this case, and have you fully discussed those
10:53:09   17  charges, and the case in general, with your attorney?
10:53:13   18          THE DEFENDANT:  Yes, Your Honor.  I've discussed that
10:53:15   19  with my lawyer through e-mail.
10:53:17   20          THE COURT:  Are you fully satisfied with the counsel,
10:53:19   21  representation and advice given to you in this case by your
10:53:20   22  attorney?
10:53:27   23          THE DEFENDANT:  Yes, I'm very satisfied.  Yeah.
10:53:29   24  Everything was fine.
10:53:31   25          THE COURT:  Is there a plea agreement in this case?
```

10:53:34  1            MR. PEACOCK:  There is, Your Honor.

10:53:41  2            THE COURT:  Okay.  And I have a copy of it.

10:53:43  3       Have you had an opportunity to read and discuss the

10:53:46  4  plea agreement with your lawyer before you signed it?

10:53:56  5            THE DEFENDANT:  Yes, I did.  I read it and signed it,

10:54:01  6  yeah.  It's 12 to 18 months, I think?  That -- yeah, I read

10:54:04  7  that.  And I signed it.

10:54:07  8            THE COURT:  Does the plea agreement represent in its

10:54:11  9  entirety any understanding you have with the Government?

10:54:20  10           THE DEFENDANT:  Yes.  I understand clearly, yes.

10:54:27  11           THE COURT:  Do you understand the terms in the plea

10:54:28  12  agreement?

10:54:39  13           THE DEFENDANT:  Yes.  I understand clearly, yes.  100%.

10:54:42  14           THE COURT:  Do you understand the terms in the plea

10:54:43  15  agreement?

10:54:49  16           THE DEFENDANT:  Yes.

10:54:52  17           THE COURT:  Has anyone made any other or different

10:54:57  18  promise or assurance to you of any kind in an effort to in

10:55:00  19  induce you to get you to plead guilty in this case?

10:55:00  20           SIGN LANGUAGE INTERPRETER RAFFOUL:  Your Honor, one

10:55:02  21  second.  He was continuing so I'm sorry.  I missed what you

10:55:05  22  said.

10:55:11  23           THE COURT:  Has anyone made any other or different

10:55:14  24  promise or assurance to you of any kind in an effort to induce

10:55:18  25  you to enter a plea of guilty in this case?

10:55:29  1          THE DEFENDANT:  Well, my lawyers were talking, the

10:55:33  2      lawyers, so I don't know.  They didn't tell me anything like

10:55:36  3      that, you know.  I don't know, maybe some other people were

10:55:40  4      saying that you were guilty or not guilty, whatever.  But, you

10:55:42  5      know, I don't know -- I don't listen to them.

10:55:44  6          MR. PEACOCK:  Your Honor, if I could, the promises are

10:55:48  7      reflected in the written plea agreement.  That's the only

10:55:53  8      understanding that we have.  We've obviously talked about the

10:55:57  9      case at length.  I think we do have a joint recommendation in

10:56:01  10     regard to sentencing, but as far as promises go, they're all

10:56:02  11     reflected in the plea agreement.

10:56:07  12          THE COURT:  Thank you, Mr. Peacock.

10:56:12  13          Let me just ask Mr. La Chase again, has anyone made any

10:56:17  14     other promises to you other than what's contained in the plea

10:56:19  15     agreement?

10:56:30  16          THE DEFENDANT:  Oh, right.  No, no, no, no.  Nobody

10:56:34  17     else.  No.  I'm sorry.  I didn't understand the interpreter, but

10:56:38  18     now I get it.  Yes.  Nobody else offered me anything, nothing

10:56:39  19     like that.  No.

10:56:40  20          THE COURT:  Thank you.

10:56:42  21          Do you understand that the terms of the plea agreement

10:56:46  22     are merely recommendations to the Court; that I can reject the

10:56:52  23     recommendations without permitting you to withdraw your plea of

10:56:57  24     guilty, and impose a sentence that is more severe than you may

10:57:03  25     anticipate?

10:57:08  1          THE DEFENDANT:  Yes, I do know that.

10:57:15  2          THE COURT:  Has anyone attempt in any way to force you

10:57:17  3  to plead guilty in this case?

10:57:30  4          THE DEFENDANT:  No.  My family suggested I should do

10:57:33  5  that, I should plead guilty.  But not force, no.

10:57:35  6          THE COURT:  Are you pleading guilty of your own free

10:57:39  7  will because you are in fact guilty?

10:57:44  8          THE DEFENDANT:  Yes.  Yes, I am.  I am guilty.  I agree

10:57:46  9  with that.  Yes.

10:57:47  10         THE COURT:  Do you understand the offense to which you

10:57:52  11  are pleading guilty is a felony.  That if your plea is accepted,

10:57:55  12  you'll be adjudged guilty of that offense, and that such

10:57:58  13  adjudication may deprive you of valuable civil rights such as

10:58:01  14  the right to vote, the right to hold public office, the right to

10:58:08  15  serve on jury and the right to possess any kind of firearm?

10:58:20  16         THE DEFENDANT:  Well, I do have a question.  So I can't

10:58:27  17  vote?  I vote in this state?  I wouldn't be able to vote?

10:58:34  18         THE COURT:  Right.  That's right.

10:58:41  19         THE DEFENDANT:  Okay.  That's fine.  That's all right.

10:58:53  20         THE COURT:  Do you understand the Court may impose a

10:58:59  21  maximum possible penalty of up to five years imprisonment.  Any

10:59:02  22  term of imprisonment will be followed by a term of up to a

10:59:08  23  maximum of three years supervised release.  The Court can order

10:59:15  24  a fine of up to $250,000, and may order restitution, and the

10:59:19  25  Court must impose a special assessment of $100.

| | | |
|---|---|---|
| 10:59:22 | 1 | Do you understand the maximum possibly penalties that |
| 10:59:26 | 2 | can be imposed in your case? |
| 10:59:31 | 3 | THE DEFENDANT:  Yes, I do.  I do understand that. |
| 10:59:37 | 4 | THE COURT:  Have you and your attorney talked about how |
| 10:59:40 | 5 | the sentencing guidelines might apply to your case? |
| 10:59:54 | 6 | THE DEFENDANT:  Yes, I did.  I did discuss that with my |
| 10:59:56 | 7 | lawyer, yes. |
| 11:00:04 | 8 | THE COURT:  Do you understand the Court will not be |
| 11:00:08 | 9 | able to determine the guideline sentence for your case *(audio* |
| 11:00:10 | 10 | *distortion)* an opportunity to challenge the reported facts and |
| 11:00:13 | 11 | the application of the guidelines recommended by the probation |
| 11:00:13 | 12 | officer? |
| 11:00:14 | 13 | SIGN LANGUAGE INTERPRETER RAFFOUL:  I'm sorry, Your |
| 11:00:16 | 14 | Honor.  Can you repeat that? |
| 11:00:18 | 15 | THE COURT:  Do you understand the Court will not be |
| 11:00:21 | 16 | able to determine the guideline sentence for your case until |
| 11:00:24 | 17 | after a presentence report has been completed, and you and the |
| 11:00:27 | 18 | Government have had an opportunity to challenge the reported |
| 11:00:31 | 19 | facts and the application of the guidelines recommended by the |
| 11:00:33 | 20 | probation officer? |
| 11:00:43 | 21 | THE DEFENDANT:  Yes, I'm aware of that. |
| 11:00:45 | 22 | THE COURT:  You also understand that the sentence |
| 11:00:48 | 23 | imposed may be different from any estimate that your attorney |
| 11:00:50 | 24 | may have given you? |
| 11:00:55 | 25 | THE DEFENDANT:  Yes, I do. |

11:00:58  1            THE COURT:  You also understand that after your

11:01:02  2    guideline range has been determined, the Court has the

11:01:05  3    authority, in some circumstances, to depart from the guidelines

11:01:09  4    and impose a sentence that is more severe or less severe than

11:01:12  5    the sentence called for by the guidelines?

11:01:26  6            THE DEFENDANT:  Yes, I understand that.

11:01:29  7            THE COURT:  You also understand that parole has been

11:01:32  8    abolished and if you are sentenced to prison, you will not be

11:01:34  9    released on parole?

11:01:46  10            THE DEFENDANT:  I'm aware of that, yes.

11:01:48  11            THE COURT:  You also understand that under some

11:01:54  12    circumstances, you may, or the Government, have the right to

11:01:57  13    appeal any sentence that I impose?

11:02:10  14            THE DEFENDANT:  Yes, I understand.

11:02:12  15            THE COURT:  Do you understand you have a right to plead

11:02:17  16    not guilty to any offense charged against you and to persist in

11:02:24  17    that plea.  That you would then have a right to a trial by jury.

11:02:28  18    That at trial, you would be presumed to be innocent and the

11:02:32  19    Government would have to prove your guilt beyond a reasonable

11:02:36  20    doubt.  That you would have the right to the assistance of

11:02:40  21    counsel for your defense, the right to see and hear all of the

11:02:45  22    witnesses and have them cross-examined in your defense, the

11:02:47  23    right on your own part --

11:02:55  24            THE DEFENDANT:  Yes, I understand that.

11:02:59  25            THE COURT:  -- to hear all the witnesses and have them

11:03:02  1    cross-examined in your defense.  The right on your own part to

11:03:08  2    decline to testify, unless you voluntarily elected to do so in

11:03:11  3    your own defense, and the right to the issuance of subpoenas, or

11:03:14  4    compulsory process, to compel the attendance of witnesses to

11:03:17  5    testify in your defense?

11:03:25  6             THE DEFENDANT:  Yes, I understand that.

11:03:26  7             THE COURT:  Do you understand that should you decide

11:03:29  8    not to testify or put on any evidence, these facts could not be

11:03:32  9    used against you?

11:03:42  10            THE DEFENDANT:  Yes, I know that.  It's the Fifth

11:03:44  11   Amendment.  I know that.

11:03:47  12            THE COURT:  Do you further understand that by entering

11:03:50  13   a plea of guilty, if that plea is accepted by the Court, there

11:03:52  14   will be no trial and you will have waived, or given up, your

11:03:55  15   right to a trial, as well as those other rights associated with

11:04:00  16   a trial as I've just described them?

11:04:08  17            THE DEFENDANT:  Yes, I understand that.

11:04:10  18            THE COURT:  What is the Government's evidence if this

11:04:15  19   case were to proceed to trial?  And Counsel, speak slowly for

11:04:19  20   the benefit of the interpreter.

11:04:20  21            MR. GARCIA:  Yes, sir.

11:04:23  22            The Government would prove the following facts at

11:04:37  23   trial.  On July 31, 2008, in case number 18-14011-cr-Rosenberg/

11:04:43  24   Maynard, in the Southern District of Florida, the Defendant pled

11:04:48  25   guilty to two counts of transmitting threats through interstate

| | | |
|---|---|---|
| 11:04:52 | 1 | and foreign communications, in violation of Title 18 United |
| 11:05:03 | 2 | States Code Section 875(c).  On January 29, 2019, the Defendant |
| 11:05:06 | 3 | was committed to the custody of the United States Bureau of |
| 11:05:10 | 4 | Prisons to be imprisoned for a term of 18 months as to each |
| 11:05:14 | 5 | count to run concurrently, followed by three years of supervised |
| 11:05:15 | 6 | release. |
| 11:05:22 | 7 | The Defendant was subsequently transferred to FCI Jesup |
| 11:05:25 | 8 | Georgia to serve his sentence of imprisonment. |
| 11:05:32 | 9 | On May 23, 2019, the FBI Fort Pierce resident agency |
| 11:05:38 | 10 | was notified by the Bureau of Prisons about e-mails sent by the |
| 11:05:42 | 11 | Defendant from FCI Jesup Georgia to the e-mail address of the |
| 11:05:49 | 12 | victim in St. Lucie County, Florida.  The victim was the |
| 11:05:51 | 13 | recipient of the threats that resulted in the Defendant's |
| 11:06:00 | 14 | conviction in case number 18-14011-cr-Rosenberg/Maynard. |
| 11:06:06 | 15 | In an e-mail from the Defendant to the victim on May 2, |
| 11:06:16 | 16 | 2019, the Defendant stated "I don't care you say you will, D", |
| 11:06:18 | 17 | dot, dot. |
| 11:06:21 | 18 | In an e-mail from the Defendant to the victim on May 3, |
| 11:06:30 | 19 | 2019, the Defendant stated "Cuz I turned the press and I refuse |
| 11:06:35 | 20 | to go to medical until my health worse.  Do not insult me.  You |
| 11:06:37 | 21 | will die". |
| 11:06:42 | 22 | In an e-mail from the Defendant to the victim on May 7, |
| 11:06:52 | 23 | 2019, the Defendant stated "You did not answer my question. Do |
| 11:06:59 | 24 | my name on terrorism list.  Terrorism watch?  You still talk |
| 11:07:04 | 25 | bullshit.  You stated you are not on the no-fly list.  I did |

11:07:12  1    call to TSA, they responded to me your name has on no-fly list

11:07:19  2    since February 2, 2018.  You made liar to me, you will die".

11:07:23  3         The e-mails were sent from the Defendant while he was

11:07:29  4    incarcerated at FCI Jesup Georgia located in Jesup, Georgia to

11:07:35  5    the victim who is located in St. Lucie County, Florida in the

11:07:35  6    Southern District of Florida.

11:07:42  7         On May 24, 2019 the Defendant was released from FCI

11:07:48  8    Jesup Georgia after serving his term of imprisonment in case

11:07:56  9    number 18-14011-cr-Rosenberg/Maynard.  Later that day, the

11:07:59  10   Defendant was arrested in Fort Pierce, Florida on the present

11:08:00  11   charges.

11:08:10  12        That would be the facts that we would present and prove

11:08:12  13   at trial.

11:08:15  14        THE COURT:  Mr. La Chase, did you hear the Government's

11:08:21  15   evidence it would present if this case were to go to trial?

11:08:22  16        THE DEFENDANT:  Yes.

11:08:24  17        THE COURT:  Is it correct?

11:08:27  18        THE DEFENDANT:  Yes, I heard that but it wasn't the

11:08:33  19   full thing.  There was just -- that wasn't the full -- that

11:08:35  20   wasn't the full e-mail.  You just give a line of it.  That

11:08:39  21   wasn't enough.  You know, there was a lot more in there.  So if

11:08:42  22   you have a lot more evidence, why don't I hear that?

11:08:45  23        THE COURT:  Well, is what they said correct or do you

11:08:47  24   dispute that?

11:08:52  25        THE DEFENDANT:  Well, it's right, but some of it was

11:08:59   1   missing.  You know, why put what -- everything we agreed on

11:09:01   2   there?  You know, the full -- you know, it seems like you only

11:09:04   3   gave part of it and not the full explanation.  You know, it's

11:09:05   4   just not enough.

11:09:09   5         THE COURT:  Do you want to say anything else?

11:09:14   6         THE DEFENDANT:  Well, yeah.  You know, if you open it

11:09:19   7   you can see May 2, 2019, there's a whole paragraph there and you

11:09:22   8   just gave a couple of sentences.

11:09:23   9         MR. PEACOCK:  Your Honor --

11:09:25   10        THE DEFENDANT:  So please say the full paragraph for

11:09:29   11   the May 2, 2019, you know, not just one sentence.

11:09:33   12        MR. PEACOCK:  Your Honor, if I may, Mr. Garcia and I

11:09:41   13   had spoken about this issue and we had, I think, agreed that a

11:09:44   14   good suggestion might be to just incorporate the entire e-mail

11:09:50   15   from May 2nd.  I believe we have the ability to do that.

11:09:58   16   Mr. Garcia can weigh in from his end.

11:10:02   17        MR. GARCIA:  I can read the entire e-mail if the

11:10:09   18   Defendant wishes.  I've read the pertinent portions that apply

11:10:16   19   to the offense against him, but I'd be happy to read the entire

11:10:18   20   e-mail.

11:10:22   21        THE COURT:  Mr. La Chase, is that what you want him to

11:10:24   22   do?

11:10:28   23        THE DEFENDANT:  Yes.  Yes.  I want that.

11:10:29   24        THE COURT:  All right.  Go ahead.

11:10:30   25        SIGN LANGUAGE INTERPRETER RAFFOUL:  Okay.  Can we hold

| | |
|---|---|
| 11:10:33 | 1 |
| 11:10:45 | 2 |
| 11:10:45 | 3 |
| 11:10:46 | 4 |
| 11:10:48 | 5 |
| 11:10:50 | 6 |
| 11:11:01 | 7 |
| 11:11:09 | 8 |
| 11:11:21 | 9 |
| 11:11:27 | 10 |
| 11:11:37 | 11 |
| 11:11:45 | 12 |
| 11:11:52 | 13 |
| 11:12:03 | 14 |
| 11:12:14 | 15 |
| 11:12:21 | 16 |
| 11:12:28 | 17 |
| 11:12:35 | 18 |
| 11:12:42 | 19 |
| 11:12:47 | 20 |
| 11:12:53 | 21 |
| 11:12:53 | 22 |
| 11:13:01 | 23 |
| 11:13:07 | 24 |
| 11:13:15 | 25 |

on a second?  We're going to have to switch interpreters right
now.  One moment.

          (Sign Language Interpreters switched)

          SIGN LANGUAGE INTERPRETER ANORGA:  Okay.  The
interpreter is ready.

          MR. GARCIA:  Okay.  The Defendant, on May 2, 2019,
wrote, "I can't go medical anymore.  Prison or go home.  I will
stay trouble all time because I disagree my two felonies with
terrorism watch list and no-fly list.  By you snitched FBI, I
don't care, I get another new charges in violation 18 USC
875(c).  Jury will sentence 15 to life under ACC and three
strike laws.  Fed library law.  I disagreed my two felonies, you
did deleted some messages from November 5, 2017 to January 18,
2018 from my US v Charlton discovery, full text message 2017 to
2018, many missing text messages.  And you wanted to put me, me
life imprisonment without possibility parole.  I don't accept,
so I refuse to go medical and therapy anymore.  I don't care you
say, you will D", dot, dot.

          "You are violated 18 USC 875(c) for threat
communication to a person or another persons.  Any true threat
will be automatically felony", exclamation point, exclamation
point, exclamation point.

          "I can't go medical.  My mom and deaf community knew it
about no ASL interpreter at most institutions, prisons,
state/fed.  I did exhausted all remedies.  I am ready to file a

11:13:21  1   fed lawsuit pro se represent.  You do your homework about 18 USC
11:13:30  2   875(c).  What example words of threat true?  You say your word.
11:13:34  3   You will go to fed prison".
11:13:41  4              That is the entire e-mail.
11:13:48  5              THE DEFENDANT:  Yes.  Yes.
11:13:56  6              THE COURT:  All right.  Mr. La Chase, do you agree or
11:13:59  7   disagree with what the Government has proffered?
11:14:09  8              THE DEFENDANT:  Yes.  No, I agree.  Yes.  Yes, I wanted
11:14:14  9   to see the full e-mail and yes, I do agree with what was
11:14:16  10  proffered.
11:14:18  11             THE COURT:  Okay.  We've gone over the Government's
11:14:22  12  evidence it would present if this case were to go to trial.
11:14:25  13  We've discussed the consequences of the guilty plea.  We've
11:14:28  14  discussed the rights that you're giving up by offering to enter
11:14:34  15  a plea of guilty, discussed the maximum possible penalties that
11:14:38  16  could be imposed in your case.  We discussed the fact that
11:14:40  17  you're pleading pursuant to the plea agreement with the
11:14:43  18  Government.  We've also gone over some of your personal
11:14:44  19  background.
11:14:48  20             Having gone over all of those matters with you, I now
11:14:51  21  ask you:  How to you plead to Count 1 of the indictment which
11:14:55  22  charges you with transmitting threats through interstate and
11:14:57  23  foreign communications in violation of Title 18 United States
11:15:02  24  Code Section 875(c)?  Guilty or not guilty?
11:15:04  25             THE DEFENDANT:  Guilty.

| | | |
|---|---|---|
| 11:15:07 | 1 | THE COURT:  I'm satisfied -- |
| 11:15:11 | 2 | THE DEFENDANT:  Guilty.  I plead guilty. |
| 11:15:13 | 3 | THE COURT:  I'm satisfied with the responses given |
| 11:15:16 | 4 | during the hearing and make the following finding:  It is the |
| 11:15:20 | 5 | finding of the Court in the United States of America versus |
| 11:15:22 | 6 | Charlton Edward La Chase that the Defendant is fully competent |
| 11:15:27 | 7 | and capable of entering an informed plea.  That the Defendant is |
| 11:15:29 | 8 | aware of the nature of the charges and the consequences of the |
| 11:15:34 | 9 | plea, and that the plea of guilty is a knowing and voluntary |
| 11:15:38 | 10 | plea supported by an independent basis in fact containing each |
| 11:15:42 | 11 | of the essential elements of the offense.  His plea is therefore |
| 11:15:45 | 12 | accepted, the Defendant is now adjudged guilty of that offense. |
| 11:15:49 | 13 | A written presentence report will be prepared by the |
| 11:15:53 | 14 | Probation Office to assist the Court in sentencing.  You'll be |
| 11:15:55 | 15 | asked to give information for that report and your attorney may |
| 11:16:00 | 16 | be present if you wish.  You'll also be given an opportunity, as |
| 11:16:04 | 17 | will your attorney, to read the presentence report and file any |
| 11:16:07 | 18 | objections to the report before the sentencing hearing, and at |
| 11:16:10 | 19 | the time of the sentencing hearing, you and your attorney will |
| 11:16:14 | 20 | be given an opportunity to speak on your behalf. |
| 11:16:22 | 21 | We'll set the sentencing for December 3, 2020. |
| 11:16:25 | 22 | Is there anything further? |
| 11:16:27 | 23 | THE DEFENDANT:  December 3rd?  Your Honor, December |
| 11:16:28 | 24 | 3rd? |
| 11:16:30 | 25 | THE COURT:  Yes. |

11:16:34  1          MR. PEACOCK:  Your Honor, if I may.

11:16:35  2          THE DEFENDANT:  Can we have -- can we have the hearing

11:16:39  3     earlier than December 3rd, Your Honor?

11:16:43  4          THE COURT:  Well, we need --

11:16:45  5          MR. PEACOCK:  May I be heard real quick?

11:16:46  6          THE COURT:  Sure.

11:16:47  7          MR. PEACOCK:  You know, this offense occurred while

11:16:54  8     Mr. La Chase was still in custody so quite frankly, there is no

11:16:56  9     real PSI that needs to be done other than the calculation of the

11:16:58 10     guidelines.

11:17:01 11          Judge, the parties took the liberty to go ahead and

11:17:06 12     contact Probation and sit down with Ms. Weissberg, who is

11:17:10 13     present today, and we have an agreed recommendation for the

11:17:14 14     guidelines and the guideline range in this case.  Seeing that

11:17:19 15     there's no real update to be done of the PSI, we are actually

11:17:24 16     prepared to go forward with sentencing today if the Court would

11:17:25 17     entertain that.

11:17:31 18          We have a joint recommendation.  I don't know how the

11:17:37 19     Court feels about that, but if the Court wanted to go forward

11:17:39 20     we're prepared to do so.

11:17:41 21          THE COURT:  Well, let me --

11:17:43 22          THE DEFENDANT:  That's fine with me, Your Honor.

11:17:48 23          THE COURT:  Okay.  So what is the guideline range?

11:17:52 24          MR. PEACOCK:  The guideline range is 15 to 21 months.

11:17:57 25     I'll defer to Ms. Weissberg for the details of it, and I think

| | | |
|---|---|---|
| 11:18:02 | 1 | the joint recommendation, Your Honor, is time served.  Mr. La |
| 11:18:06 | 2 | Chase has been in custody about 16 and a half months at this |
| 11:18:11 | 3 | point, so he's right in the middle of the guideline range. |
| 11:18:13 | 4 | THE COURT:  What does the Government say? |
| 11:18:16 | 5 | MR. GARCIA:  Yes, Your Honor.  The guideline |
| 11:18:23 | 6 | calculation is correct, that it is 15 to 21 months imprisonment. |
| 11:18:27 | 7 | Pursuant to the plea agreement, the Government recommends a low |
| 11:18:32 | 8 | end of the guidelines.  And the Defendant has been in custody |
| 11:18:38 | 9 | about 16 months, so essentially would be -- low end would be |
| 11:18:39 | 10 | time served. |
| 11:18:44 | 11 | THE COURT:  Ms. Weissberg; is that correct? |
| 11:18:45 | 12 | PROBATION OFFICER:  Yes, Your Honor, that is correct. |
| 11:18:48 | 13 | It's a total offense level of a 12 with a Criminal History |
| 11:18:55 | 14 | Category of 3.  Probation would not be authorized because it's |
| 11:19:00 | 15 | in a Zone D.  Supervised release is one to three years, and the |
| 11:19:05 | 16 | fine range is 5,500 to $55,000. |
| 11:19:14 | 17 | THE COURT:  So do we all agree to waive the preparation |
| 11:19:18 | 18 | of a Presentence Investigation Report? |
| 11:19:22 | 19 | MR. GARCIA:  The Government waives. |
| 11:19:24 | 20 | MR. PEACOCK:  Yes, Your Honor. |
| 11:19:26 | 21 | THE COURT:  Defense waives as well? |
| 11:19:27 | 22 | MR. PEACOCK:  Yes, Your Honor. |
| 11:19:31 | 23 | THE COURT:  And do we all agree that the Criminal |
| 11:19:37 | 24 | History Category is 3, with a offense level of 12 with the |
| 11:19:39 | 25 | guideline range of 15 to 21 months? |

| | | |
|---|---|---|
| 11:19:40 | 1 | MR. GARCIA:  The Government. |
| 11:19:45 | 2 | THE COURT:  Mr. Peacock? |
| 11:19:48 | 3 | MR. PEACOCK:  Yes sir, we agree. |
| 11:19:51 | 4 | THE COURT:  Okay.  Mr. La Chase, do you wish to be |
| 11:19:54 | 5 | sentenced today? |
| 11:19:56 | 6 | THE DEFENDANT:  Excuse me.  There's an issue with the |
| 11:20:00 | 7 | interpreting.  I have a glare on the screen so I can't see the |
| 11:20:05 | 8 | interpreter that clear.  There's a glare on the screen.  Can you |
| 11:20:10 | 9 | please repeat this last portion about the agreement? |
| 11:20:13 | 10 | THE COURT:  Mr. La Chase, do you wish to waive the |
| 11:20:17 | 11 | preparation of a Presentence Investigation Report and proceed to |
| 11:20:20 | 12 | sentencing today? |
| 11:20:27 | 13 | THE DEFENDANT:  Yes.  Yes, I'm ready.  Do I need to say |
| 11:20:30 | 14 | anything before sentencing? |
| 11:20:32 | 15 | THE COURT:  You don't have to, but you're certainly |
| 11:20:36 | 16 | entitled to.  Do you want to say anything? |
| 11:20:40 | 17 | THE DEFENDANT:  Yes, I'd like to say something. |
| 11:20:42 | 18 | THE COURT:  Go ahead. |
| 11:20:50 | 19 | THE DEFENDANT:  Okay.  I'd like to tell the Court that |
| 11:20:56 | 20 | I am deaf and that I've been suffering no communication here in |
| 11:21:01 | 21 | jail.  I've been here by myself, isolated, no video |
| 11:21:07 | 22 | communication access until now.  So I've been isolated, I've had |
| 11:21:11 | 23 | no communication with anybody, and I'd like the Court to take |
| 11:21:16 | 24 | that into consideration when you give my sentence.  The fact |
| 11:21:27 | 25 | that I've been suffering in isolation, and sometimes what is |

| | | |
|---|---|---|
| 11:21:30 | 1 | written to me is not clear to me.  My language is American Sign |
| 11:21:34 | 2 | Language and not English, so English is not -- I'm not |
| 11:21:41 | 3 | proficient in English, I'm proficient in American Sign Language, |
| 11:21:45 | 4 | and I would like the Court to consider that for my sentence. |
| 11:21:50 | 5 | So I -- |
| 11:21:53 | 6 | SIGN LANGUAGE INTERPRETER ANORGA:  Jody? |
| 11:22:08 | 7 | SIGN LANGUAGE INTERPRETER RAFFOUL:  When they found me |
| 11:22:11 | 8 | guilty of course they were saying 15 years if I said guilty and |
| 11:22:14 | 9 | I was just very confused by the whole thing back then. |
| 11:22:16 | 10 | Can you hear me? |
| 11:22:17 | 11 | SIGN LANGUAGE INTERPRETER ANORGA:  I'm sorry, Jody. |
| 11:22:19 | 12 | Can you -- |
| 11:22:19 | 13 | SIGN LANGUAGE INTERPRETER RAFFOUL:  Yeah.  One moment. |
| 11:22:19 | 14 | Give me a moment. |
| 11:22:24 | 15 | SIGN LANGUAGE INTERPRETER ANORGA:  Where do you want |
| 11:22:26 | 16 | me? |
| 11:22:39 | 17 | SIGN LANGUAGE INTERPRETER RAFFOUL:  Yes.  We have Jody, |
| 11:22:43 | 18 | the interpreter.  One second.  Can you see me?  Just please tell |
| 11:22:46 | 19 | him to hold for one second. |
| 11:22:47 | 20 | SIGN LANGUAGE INTERPRETER ANORGA:  I'm sorry, Your |
| 11:22:56 | 21 | Honor.  There's an issue with glare on the screen. |
| 11:22:56 | 22 | THE DEFENDANT:  Okay.  Yeah, so I can see the other |
| 11:23:00 | 23 | interpreter.  I see Jody much better again. |
| 11:23:04 | 24 | So like I was stating before, when they -- ASL is my |
| 11:23:07 | 25 | language.  English is not my first language and sometimes when |

| | |
|---|---|
| 11:23:12 | 1 |
| 11:23:15 | 2 |
| 11:23:18 | 3 |
| 11:23:22 | 4 |
| 11:23:25 | 5 |
| 11:23:28 | 6 |
| 11:23:32 | 7 |
| 11:23:36 | 8 |
| 11:23:39 | 9 |
| 11:23:43 | 10 |
| 11:23:47 | 11 |
| 11:23:52 | 12 |
| 11:23:55 | 13 |
| 11:24:01 | 14 |
| 11:24:05 | 15 |
| 11:24:11 | 16 |
| 11:24:14 | 17 |
| 11:24:20 | 18 |
| 11:24:26 | 19 |
| 11:24:30 | 20 |
| 11:24:34 | 21 |
| 11:24:40 | 22 |
| 11:24:44 | 23 |
| 11:24:49 | 24 |
| 11:24:53 | 25 |

they were talking about 15 years if you plead guilty, you know, it was very confusing.  And now with the coronavirus and the lack of real communication within the jails, you know, like I said, English isn't my first language.  So they write things to me, I really don't understand.  It's a long time suffering in here, because I really don't understand a lot of what's going on.  And before when I said guilty -- not guilty, it was because I thought it was 15 years and it's just a lot involved and a lot of miscommunication.  So I respect Your Honor to make a decision today, and I hope you'll be lenient.  Thank you.

THE COURT:  Anything on his behalf?

MR. PEACOCK:  Judge, just so that you're fully aware, I mean, the victim in this case is his sister.  It's been a long-running family bickering going on.  Obviously Mr. La Chase took it to beyond legal limits.

I do want the Court to -- as a condition of supervised release, I would like the Court to order some psychological or psychiatric counseling.  We have made arrangements with Dr. Shana Williams who is actually an ASL certified psychologist. We've made arrangements with her to where I think she will take Mr. La Chase on as a patient.  He does have Medicare benefits and she will -- or Medicaid benefits, and she will take those benefits in my past discussions with her.  So I think that's really important so that we're not -- so that Mr. La Chase can come to understand how this occurred and what these triggers are

| | |
|---|---|
| 11:24:58 | 1 |
| 11:24:59 | 2 |
| 11:25:03 | 3 |
| 11:25:06 | 4 |
| 11:25:13 | 5 |
| 11:25:17 | 6 |
| 11:25:23 | 7 |
| 11:25:26 | 8 |
| 11:25:31 | 9 |
| 11:25:36 | 10 |
| 11:25:41 | 11 |
| 11:25:45 | 12 |
| 11:25:49 | 13 |
| 11:25:50 | 14 |
| 11:25:54 | 15 |
| 11:25:57 | 16 |
| 11:26:00 | 17 |
| 11:26:02 | 18 |
| 11:26:08 | 19 |
| 11:26:12 | 20 |
| 11:26:15 | 21 |
| 11:26:19 | 22 |
| 11:26:24 | 23 |
| 11:26:36 | 24 |
| 11:26:40 | 25 |

that get him in trouble and so that we don't repeat this type of thing again.

Mr. La Chase referred to the conditions of his incarceration.  They have been really, really tough, Your Honor. He obviously can't speak to anyone at the facility because I don't think anybody that he's encountered at FDC has ASL training.  Beyond that, people are wearing masks and that's very difficult because part of what Mr. La Chase does is read lips, and so it's been extremely hard for him to communicate with anyone else.  I do think the attorney-client communication has been sufficient.  FDC actually went out of its way to let me visit in person, and so I think, you know, those types of things have gone okay, but the incarceration itself has been very difficult.

I would ask the Court to strongly consider the time served recommendation of the parties.

THE COURT:  Thank you.  Anything from the Government?

MR. GARCIA:  No, Your Honor.

THE COURT:  It is hereby ordered and adjudged that the Defendant be sentenced to a term of time served.

Upon his release from incarceration, the Defendant will be sentenced to supervised release for a term of three years.

As a special condition of supervised release, it is ordered that the Defendant cooperate in and participate in mental health treatment.

11:26:44  1              Now that sentence has been imposed, does the Defendant
11:26:47  2      or his counsel object to the Court's findings of fact or the
11:26:48  3      manner in which sentence was pronounced?
11:26:50  4              MR. PEACOCK:  No, sir.
11:26:52  5              THE DEFENDANT:  Yes, I accept.  That's fine.  I accept
11:26:55  6      that.  Yes.  Yes, sir.  Thank you very much.
11:26:57  7              THE COURT:  Mr. La Chase, do you understand that you
11:27:01  8      have a right to appeal this sentence?
11:27:10  9              THE DEFENDANT:  No, I understand that.  I understand
11:27:13 10      that.  That's fine.  Thank you.
11:27:15 11              THE COURT:  Anything further?
11:27:16 12              MR. PEACOCK:  No, sir.
11:27:19 13              MR. GARCIA:  There is one thing, Judge.  In the prior
11:27:22 14      sentence, sentencing, there was a special condition not only of
11:27:26 15      mental health treatment, but also no contact with the victim.
11:27:33 16      And I would urge the Court to include that as well as a special
11:27:36 17      condition of supervision.
11:27:38 18              THE COURT:  Mr. Peacock, do you object to that?
11:27:41 19              MR. PEACOCK:  You know, I don't object to that, Judge.
11:27:43 20      I just -- you know, I would -- I know the Court doesn't have
11:27:46 21      jurisdiction to do this, but I just wish the victim would not
11:27:53 22      contact him as well.  I mean, it makes it very difficult.  She
11:28:03 23      willingly contacts him and that sets up a situation that is, you
11:28:08 24      know, very difficult, problematic.  So I understand the
11:28:15 25      Government's concern, but I just think the dynamic, especially

| | | |
|---|---|---|
| 11:28:19 | 1 | with the family being involved, she needs to not contact him. |
| 11:28:24 | 2 | She needs to abide by that, and I guess what I would say, Judge, |
| 11:28:27 | 3 | in thinking this through, it's difficult, but I guess what I |
| 11:28:31 | 4 | would say is if she contacts him, then she's in contact with |
| 11:28:34 | 5 | him, that shouldn't be a violation on his part.  Now granted, he |
| 11:28:40 | 6 | should turn around and walk the other way, but this would have |
| 11:28:44 | 7 | never happened if she had just left him alone and not started |
| 11:28:49 | 8 | getting on e-mail with him at Jesup. |
| 11:28:56 | 9 | THE COURT:  All right.  Mr. La Chase, don't have any |
| 11:29:00 | 10 | contact with -- is this the sister?  Is that what it is? |
| 11:29:01 | 11 | MR. PEACOCK:  It is. |
| 11:29:02 | 12 | MR. GARCIA:  Yes, Your Honor. |
| 11:29:06 | 13 | THE COURT:  Mr. La Chase, don't have -- |
| 11:29:07 | 14 | MR. PEACOCK:  C.L., Your Honor.  We've referred to her |
| 11:29:12 | 15 | as the letter C and the letter L.  C.L. |
| 11:29:13 | 16 | THE COURT:  All right.  Mr. La Chase, don't have |
| 11:29:15 | 17 | contact with C.L. |
| 11:29:17 | 18 | THE DEFENDANT:  Yes, Your Honor. |
| 11:29:20 | 19 | THE COURT:  Okay.  Anything further? |
| 11:29:20 | 20 | MR. PEACOCK:  Judge -- |
| 11:29:21 | 21 | MR. GARCIA:  No. |
| 11:29:22 | 22 | MR. PEACOCK:  Judge, maybe you could instruct him that |
| 11:29:27 | 23 | if she contacts him, he should go to his probation officer and |
| 11:29:28 | 24 | let them know. |
| 11:29:31 | 25 | THE COURT:  Okay.  All right.  Do you hear that, Mr. La |

| | | |
|---|---|---|
| 11:29:32 | 1 | Chase? |
| 11:29:34 | 2 | THE DEFENDANT:  Yes, that's fine.  Yes.  Oh, and also, |
| 11:29:42 | 3 | I'll need an interpreter to come and explain everything.  I'll |
| 11:29:46 | 4 | need the interpreter.  It's so important, you know, under the |
| 11:29:50 | 5 | ADA and 504, I have to have an interpreter. |
| 11:29:52 | 6 | MR. PEACOCK:  I'll work all that out, judge. |
| 11:29:56 | 7 | THE COURT:  Thank you.  All right, folks.  This |
| 11:30:02 | 8 | concludes the proceedings.  And I want to thank everyone for |
| 11:30:06 | 9 | your cooperation and your patience in trying to take care of the |
| 11:30:12 | 10 | earlier technical difficulties we had, but I appreciate your |
| 11:30:16 | 11 | understanding.  Okay?  Have a good day.  That concludes the |
| 11:30:18 | 12 | proceedings. |
| 11:30:22 | 13 | THE DEFENDANT:  One second, Your Honor?  Are we done? |
| 11:30:23 | 14 | MR. PEACOCK:  Yes? |
| 11:30:25 | 15 | THE DEFENDANT:  Time served?  Is that it?  Time served? |
| 11:30:26 | 16 | MR. PEACOCK:  Yes. |
| 11:30:30 | 17 | THE DEFENDANT:  So I'll be released today? |
| 11:30:33 | 18 | MR. PEACOCK:  We'll deal with that. |
| 11:30:40 | 19 | THE DEFENDANT:  Okay.  Great.  Great.  Perfect.  Thank |
| 11:30:41 | 20 | you very much. |
| 11:30:44 | 21 | MR. PEACOCK:  Thank you.  Thank you, Francis.  Thank |
| 11:30:47 | 22 | you Jody.  Thank you, Lydia. |
| 11:30:47 | 23 | SIGN LANGUAGE INTERPRETER RAFFOUL:  Thank you, Your |
| 11:30:48 | 24 | Honor. |
| 11:30:51 | 25 | MR. PEACOCK:  Thank you, Rolando.  And I think I've |

| | | |
|---|---|---|
| 11:30:55 | 1 | already thanked you but anyway, have a great day. |
| 11:30:56 | 2 | MR. GARCIA:  You too. |
| 11:30:59 | 3 | SIGN LANGUAGE INTERPRETER RAFFOUL:  Bye-bye, everybody. |
| 11:30:59 | 4 | (PROCEEDINGS CONCLUDED) |
| 11:30:59 | 5 | **C E R T I F I C A T E** |
| 11:30:59 | 6 | I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter. |
| 11:30:59 | 7 | 11/7/2020 _____        /s/ Dawn M. Savino, R.P.R., C.R.R. |
| 11:30:59 | 8 | Date                              DAWN M. SAVINO, R.P.R., C.R.R. |
| 11:30:59 | 9 | |
| | 10 | |
| | 11 | |
| | 12 | |
| | 13 | |
| | 14 | |
| | 15 | |
| | 16 | |
| | 17 | |
| | 18 | |
| | 19 | |
| | 20 | |
| | 21 | |
| | 22 | |
| | 23 | |
| | 24 | |
| | 25 | |

**PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY**
**TRANSCRIPT PRODUCED BY COMPUTER**