UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   19-14040-CR-MOORE

UNITED STATES OF AMERICA

v.

CHARLTON EDWARD LA CHASE,

                **Defendant.**

_____/

### UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

Comes now the United States of America, by and through the undersigned Assistant United States Attorney, and hereby submits its Response to the Motion for Early Termination of Supervised Release filed by the defendant, Charlton Edward La Chase ("La Chase"), in the above-captioned case:

### BACKGROUND

On June 28, 2018, a federal grand jury in the Southern District of Florida returned a superseding indictment charging La Chase with, among other things, three counts of transmitting threats through interstate or foreign commerce, in violation of Title 18, United States Code, Section 875(c) (Counts One – Three).  *See United States v. La Chase*, 2:18-cr-14011-RLR (S.D. Fla. 2018) (Doc. No. 43.)  La Chase pled guilty to Counts Two and Three of the superseding indictment pursuant to a written plea agreement.  *La Chase*, 2:18-cr-14011-RLR (Doc. Nos. 58-59, 61-62.)

1

On January 29, 2019, the Court sentenced La Chase to 18 months' imprisonment, which consisted of 18 months on Count Two and 18 months on Count Three, to be served concurrently, followed by 3 years of supervised release. *La Chase*, 2:18-cr-14011-RLR (Doc. No. 84.)

La Chase was scheduled to be released from the custody of the Bureau of Prisons ("BOP") on May 26, 2019. Unfortunately, La Chase's time in federal custody did not deter him from engaging in criminal activity. Specifically, in May 2019, while incarcerated at a BOP facility, La Chase threatened one of the same victims he previously threatened. (Doc. No. 1.)

On August 8, 2019, a federal grand jury in the Southern District of Florida returned an indictment charging La Chase with three new counts of transmitting threats through interstate or foreign commerce, in violation of Title 18, United States Code, Section 875(c) (Counts One – Three). (Doc. No. 15.) La Chase pled guilty to Count One of the indictment pursuant to a written plea agreement. (Doc. Nos. 67-68.)

On September 24, 2020, the Court sentenced La Chase to time-served, followed by 3 years of supervised release. (Doc. No. 71.)

On December 6, 2021, La Chase filed the instant motion, in which he requests the Court to terminate his supervised release. (Doc. No. 106.) La Chase's term of supervised release is scheduled to end in September 2023. To date, La Chase has served approximately 15 months of his 36-month term of supervised release.

**ANALYSIS**

After a defendant has completed one year of supervised release, the Court may terminate the term of supervised release if "such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In reviewing such a motion, the Court is required to consider certain factors set forth in 18 U.S.C. § 3553(a), including the nature and

circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence to criminal conduct; and the need for the sentence imposed to protect the public from further crimes of the defendant. *Id*. The decision whether to modify a term of supervised release is a discretionary one, and Rule 32.1(b) of the Federal Rules of Criminal Procedure does not require a hearing, because the relief requested is "favorable to the person and does not extend the term of probation or of supervised release." Fed. R. Crim. P. 32.1(c)(2)(B).

After consulting with La Chase's Probation Officer, the United States opposes the defendant's request for early termination of his supervised release. The conduct that gave rise to La Chase's federal convictions was serious and dangerous, which militates in favor of requiring him to serve out his entire term of supervised release. Specifically, La Chase professed his support for the Islamic State of Iraq and Syria ("ISIS") and threatened to kill several people. La Chase also threatened to commit random acts of terrorism and mass murder in support of ISIS. To make matters worse, after his first conviction for transmitting threats through interstate or foreign commerce, La Chase again threatened one of the same victims he previously threatened. Finally, La Chase has only served approximately 41% of his required term of supervised release to date. Terminating La Chase's supervised release at this juncture is inconsistent with the relevant 3553(a) factors and fails to properly reflect the need to afford adequate deterrence, the need to protect the public from further crimes of the defendant, and the need to assist La Chase with reintegration into society and becoming a law-abiding citizen.

The United States acknowledges that La Chase has complied with the terms of his supervised release to date. Full compliance, however, is merely what is expected of all people

serving terms of supervised release. *See, e.g., Karacsonyi v. United States*, 1998 WL 401273, at *1 (2d Cir. 1998).

## CONCLUSION

For the above stated reasons, the United States respectfully requests the Court to deny La Chase's Motion for Early Termination of Supervised Release.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By:    **/s/Michael D. Porter**
       Michael D. Porter
       Assistant United States Attorney
       Florida Bar# 0031149
       101 South U.S. Highway 1
       Suite 3100
       Fort Pierce, Florida 34950
       Telephone: (772) 293-0950
       Email:michael.porter2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by either regular U.S. mail or inter-office delivery.

**/s/Michael D. Porter**
Michael D. Porter
Assistant United States Attorney
